STATE, JOHN H. SUTPHIN ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH.

Under the supplement to the charter of the city of Elizabeth, approved April 4th, 1873, (*Pamph. L.* 778,) the commissioners of assessment, in distributing the burdens, must take into consideration all the lands benefited, even though some of the lands, for peculiar reasons, are not subject to assessment.

On *certiorari.*

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutors, *W. J. Magie* and *G. P. Smith.*

For the defendant, *R. E. Chetwood.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an assessment made in June, 1877, for benefits received by opening Stiles street.

When the street was opened in February, 1873, the then commissioners of assessment awarded to Luke H. Higgins $4915 for land taken, and reported that the residue of his land was not benefited, and likewise awarded to Mary H.

Brown $3898.67 for land taken, and reported that the residue of her land was benefited to the value of $1388, and that therefore the difference, $2510.67, should be paid to her. These awards were accordingly paid.

When, in 1877, new commissioners proceeded to assess for benefits, they thought that they must exclude these remaining tracts of Higgins and Brown from their consideration, and hence they reported that they had done so, and had levied their assessment only on the rest of the lands which, in their judgment, were benefited. This was wrong. The supplement of April 4th, 1873, (*Pamph. L., p.* 778,) which was their guide, required them to include in the assessment district all lands benefited, and to assess against each tract within that district its due proportion of burden. Although some of the lots may be legally relieved from assessment by reason of their having already satisfied the claim, or otherwise, yet still the commissioners must ascertain the benefits accruing to such parcels, in order to fairly apportion the burdens which the other tracts are to bear. *Ropes* v. *Essex Public Road Board, ante p.* 64.

For this reason, the assessment must be set aside, with costs.